IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MIXING & MASS TRANSFER TECHNOLOGIES, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) C.A. No. 19-529-MN ) |
| SPX CORPORATION, SPX FLOW, INC., SPX FLOW US, LLC, and DOES I THROUGH X, | ) ) ) ) |
| Defendants. | ) ) |

**DEFENDANTS' REPLY BRIEF IN SUPPORT
OF THEIR MOTION FOR ATTORNEYS' FEES**

OF COUNSEL:
Kenneth Sheehan
William DeVinney
BAKERHOSTELTER LLP
1050 Connecticut Avenue, N.W.
Suite 110
Washington, DC  20036-5403
202-861-1500

John. W. Shaw (No. 3362)
Andrew E. Russel (No. 5382)
SHAW KELLER LLP
I.M. Pei Building
1105 N. Market Street
12th Floor
Wilmington, DE 19801
302-298-0701
jshaw@shawkeller.com
arussell@shawkeller.com
*Attorneys for Defendants SPX
Corporation, SPX Flow, Inc.,
and SPX Flow US, LLC*

Dated: March 5, 2020

**Table of Contents**

Table of Contents ....................................................................................................................... ii

Table of Authorities ................................................................................................................... iii

I.     The Court Has Not Previously Denied SPX's Motion for Attorneys' Fees ........................ 1

II.    SPX Complied With the Requirements of Rule 54(d)(2)(B) .............................................. 2

III.   SPX Is the Prevailing Party .................................................................................................. 3

       A.    SPX Is the Prevailing Party Because It Prevented M2T From Asserting SPX's A245 Impeller Infringed the '959 Patent or that Its '844 Patent Is Invalid ........................................................................................................................ 3

       B.    The Dismissal of M2T's Claims Without Prejudice Does Not Preclude SPX From Being Deemed the Prevailing Party ............................................................ 5

IV.   This Case Is Exceptional Under Section 285 and The Court Should Award Attorneys' Fees ................................................................................................................... 7

V.    The Plain Language of the Settlement Agreement Requires that the Court Award Attorneys' Fees ................................................................................................................... 9

## Table of Authorities

Page(s)

**Cases**

*Altair Logix LLC v. Caterpillar Inc.*,
 C.A. No. 18-2057, 2019 WL 321948 (D. Del. Jul 17, 2019) (Noreika, J.) ...............................3

*CRST Expedited, Inc. v. Equal Employment Opportunity Commission*,
 _ U.S. _, 136 S. Ct. 1642 (2016).................................................................................. passim

*Everett Laboratories, Inc. v. River's Edge Pharm., LLC*,
 C.A. No. 09-3458 (JLL), 2010 WL 1424017 (D.N.J. Apr. 8, 2010) .........................................9

*Fitness IQ, LLC v. TV Products USA, Inc.*,
 No. 10-cv-2584 WMC, 2012 WL 13175920 (S.D. Cal. Sept. 14, 2012)..................................9

*Fox v. Vice*,
 563 U.S. 826 (2011)................................................................................................................3, 7

*Giesecke & Devrient GmbH v. U.S.*,
 __ Fed. Cl. __, 2020 WL 401806 (Fed. Cl. Jan. 24, 2020)....................................................2, 6

*Hardt v. Reliance Standard Life Insurance Co.*,
 560 U.S. 242 (2010).....................................................................................................................7

*Heard v. St. Luke's Hospital*,
 C.A. No. 08-5494, 2010 WL 2569233 (E.D. Pa. June 21, 2010) .............................................7

*Interspiro USA, Inc. v. Figgie Intern. Inc.*,
 18 F.3d 927 (Fed. Cir. 1994)......................................................................................................8

*Koppel v. Case*,
 No. GD03-024486, 2007 WL 5160526 (Pa. Com. Pl. Nov. 20, 2007)....................................3

*Martinez v. United States*,
 94 Fed. Cl. 176 (Fed. Cl. 2010) .................................................................................................6

*In re Paoli R.R. Yard PCB Litig.*,
 221 F.3d 449 (3d Cir. 2000).......................................................................................................2

*Raniere v. Microsoft Corp.*,
 887 F.3d 1298 (Fed. Cir. 2018)..........................................................................................2, 4, 5

*RFR Industries, Inc. v. Century Steps Inc.*,
　477 F.3 1349 (Fed. Cir. 2007)..................................................................................................5

*Roche Diagnostics Operations, Inc. v. Abbott Diabetes Care, Inc.*,
　C.A. No. 07-753, 2017 WL 4391735 (D. Del. 2017) ..............................................................1

**Statutes**

35 U.S.C. § 285........................................................................................................... *passim*

**Other Authorities**

Black's Law Dictionary (10th ed. 2014).........................................................................................9

M2T's opposition brief primarily relies on the fact that its claims were dismissed, either voluntarily or by the Court, without prejudice so there is no judgement on the merits against M2T. Thus, according to MRT, SPX cannot be the prevailing party for purposes of awarding attorneys' fees.

To the extent M2T's argument was ever valid, the Supreme Court recently rejected it. A defendant need not obtain a judgment on the merits to be the prevailing party. Rather, it need only prevent the plaintiff from obtaining the relief it seeks, which SPX accomplished here. The Court's ruling on SPX's motion to dismiss precluded M2T's two primary claims, and then M2T elected to voluntarily dismiss its remaining claims. Thus, because M2T failed to obtain any relief from SPX, SPX is the prevailing party.

As described below, M2T's remaining arguments lack merit. Accordingly, SPX requests that the Court grant its motion for attorneys' fees.

## I. THE COURT HAS NOT PREVIOUSLY DENIED SPX'S MOTION FOR ATTORNEYS' FEES

As part of its motion to dismiss, SPX asked the Court to award SPX the fees it incurred in bringing that motion pursuant to the 2007 Settlement Agreement (but not 35 U.S.C. § 285). (D.I. 14, at 8-9). SPX's current motion, however, moves for an award of attorneys' fees as the prevailing party in the entire action—not just the motion to dismiss—as well as under 35 U.S.C. § 285. Thus, the Court has not, as M2T claims, already denied SPX's current motion for attorneys' fees.

Regardless, courts permit a party to renew a motion for attorneys' fees after further proceedings in the case. *See*, *e.g.*, *Roche Diagnostics Operations, Inc. v. Abbott Diabetes Care, Inc.*, C.A. No. 07-753, 2017 WL 4391735 (D. Del. 2017) (resolving parties' renewed motions for attorneys' fees). M2T's assertion that its voluntary dismissal of its remaining claims "changed

nothing" is incorrect. As explained in more detail below, a defendant becomes a prevailing party when it successfully prevents a plaintiff from altering the legal relationship between the parties. *CRST Expedited, Inc. v. Equal Employment Opportunity Commission*, _ U.S. _, 136 S. Ct. 1642, 1651 (2016). Thus, when M2T dismissed its remaining claims without obtaining any relief, SPX became the prevailing party in the action.

## II.    SPX COMPLIED WITH THE REQUIREMENTS OF RULE 54(d)(2)(B)

SPX complied with the requirements of Rule 54(d)(2)(B). As required, SPX identified that it seeks attorneys' fees under the 2007 Settlement Agreement and 35 U.S.C. § 285. (D.I. 32, at 1, 4.) SPX also identified that the Court's order dismissing Counts 1 and 5, as well as M2T's voluntary dismissal of its remaining claims, rendered SPX the prevailing party. (*Id.* at 1, 3.)

The fact that the Court did not enter judgment does not deprive SPX of its right to attorneys' fees under Rule 54. A defendant can recover attorneys' fees where the plaintiff's claims are dismissed without prejudice, and thus without a final judgment. *See In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 471 n.10 (3d Cir. 2000), as amended (Sept. 15, 2000) (upholding the "majority rule that defendants can be 'prevailing parties' when a plaintiff voluntarily dismisses his action without prejudice."); *Giesecke & Devrient GmbH v. U.S.*, __ Fed. Cl. __, 2020 WL 401806, at *9 (Fed. Cl. Jan. 24, 2020) (applying Federal Circuit law, awarding attorneys' fees under 35 U.S.C. § 285 against plaintiff that voluntarily dismissed its infringement claims without prejudice); *see also Raniere v. Microsoft Corp.*, 887 F.3d 1298, 1304 (Fed. Cir. 2018) (finding it irrelevant whether plaintiff's claims should have been dismissed without prejudice because a judgment on the merits is not necessary to recover attorneys' fees). Similarly, under Pennsylvania law, a voluntary dismissal does not preclude imposing sanctions

or an award of attorneys' fees. *See Koppel v. Case*, C.A. No. GD03-024486, 2007 WL 5160526 (Pa. Com. Pl. Nov. 20, 2007).

This Court's decision in *Altair Logix LLC v. Caterpillar Inc.*, C.A. No. 18-2057, 2019 WL 321948 (D. Del. Jul 17, 2019) (Noreika, J.), on which M2T relies, is inapplicable here. In *Altair Logix*, the Court denied the defendant's motion for attorneys' fees under Section 285 because the defendant moved before the plaintiff's claim had been dismissed. Any "motion seeking relief under § 285 must be made after judgment or some other judicially sanctioned change in the legal relationship of the parties." *Id.* at *2. Thus, the defendant could not identify the judgment entitling it to attorneys' fees because the Court had not issued any judgment or order when the defendant filed its motion. Here, SPX did not move for attorneys' fees under Section 285 until after the Court dismissed Counts 1 and 5 and after M2T voluntarily withdrew its remaining claims. (*Compare* 01/17/2020 Minute Entry (noting that SPX's motion to dismiss is granted-in-part) *and* D.I. 30 (M2T voluntarily dismissing claims) *with* D.I. 32 (SPX's motion for attorneys' fees)).

### III. SPX IS THE PREVAILING PARTY

#### A. SPX Is the Prevailing Party Because It Prevented M2T From Asserting SPX's A245 Impeller Infringed the '959 Patent or that Its '844 Patent Is Invalid

SPX is the prevailing party because it prevented M2T's attempts to alter the legal relationship between the parties. The Supreme Court recently held that "a favorable ruling on the merits is not a necessary predicate to find that a defendant has prevailed." *CRST*, 136 S. Ct. at 1646. Further, SPX need not prevail on every claim or prove that every claim is frivolous to be the prevailing party. *Fox v. Vice*, 563 U.S. 826, 835 (2011). Rather, the "touchstone of the prevailing party inquiry must be the material alteration of the legal relationship between the parties." *CRST*, 136 S. Ct. at 1646. Generally, the plaintiff seeks to materially alter the legal

3

relationship in its favor; a defendant becomes the prevailing party "whenever the plaintiff's challenge is rebuffed, irrespective of the precise reason for the court's decision." *Id.* at 1651. Thus, after *CRST*, the prevailing-party inquiry "is not limited to whether a defendant prevailed on the merits, but also considers whether the district court's decision—'a judicially sanctioned change in the legal relationship of the parties'—effects or rebuffs a plaintiff's attempt to effect a 'material alteration in the legal relationship between the parties.'" *Raniere*, 887 F.3d at 1306.

Here, the Court's decision rebuffed M2T's attempt to alter its legal relationship to SPX—to create a right to the intellectual property embodied in the A245 impeller and the '844 Patent—and made SPX the prevailing party. The Court made specific findings that, among other things, the 2007 Settlement Agreement released SPX from any claims that could have been brought in the prior lawsuit; any claims regarding impeller design relative to the prior lawsuit; any current or future claims concerning listed impellers, including the A245 impeller; any claims relating to listed patents, including U.S. Patent No. 7,114,844; and "any claims concerning the SPX Parties' future activities with respect to technology of which the M2T Parties knew or could have known from provided information or publicly available information." 01/17/2020 Hearing Tr. at 24:20-25:13.

After making its findings regarding the 2007 Settlement Agreement, the Court held that the release precluded M2T's claim that the A245 impeller infringed the '959 Patent because "[t]he '959 Patent issued two years before the settlement agreement was entered and the A245 impeller was known at the time of the agreement - in fact, it was specified in the release." 01/17/2020 Hearing Tr. at 25:23-26:1. Similarly, the Court found that the 2007 Settlement Agreement precluded Count 5 seeking a declaratory judgment invalidating SPX's '844 Patent because "[t]he patent issued prior to the settlement agreement[, t]he declaration at issue and the

4

inventorship of that patent [were] known prior to the settlement agreement, and the patent clearly falls within the release language under any reasonable interpretation." *Id.* at 26:2-9.

The Court declined to dismiss M2T's remaining claims under Rule 12. But all of M2T's remaining claims addressed whether SPX's A245 impeller contained M2T's intellectual property, including the intellectual property contained in its '959 Patent. Less than two weeks after the Court's decision issuing findings on the scope of the 2007 Settlement Agreement, M2T determined its remaining claims were not worth pursuing and voluntarily dismissed them under Rule 41(a)(1). Thus, the Court's decision effectively rebuffed M2T's attempt to effect a "material alteration in the legal relationship between the parties," making SPX the prevailing party. *CRST*, 136 S. Ct. at 1651; *Raniere*, 887 F.3d at 1306.

### B. The Fact That M2T's Claims Were Dismissed Without Prejudice Does Not Preclude SPX From Being Deemed the Prevailing Party

M2T cannot avoid either contractual or statutory liability simply because its claims were dismissed—either by the Court or voluntarily by M2T—without prejudice.

None of the cases relied on by M2T are still good law. M2T asserts that this case is controlled by *RFR Industries, Inc. v. Century Steps Inc.*, 477 F.3 1349 (Fed. Cir. 2007), which held that a voluntary dismissal without prejudice under Rule 41(a)(1) cannot, as a matter of law, confer prevailing party status on the defendant. But *RFR Industries* was decided before, and conflicts with, *CRST* and at least two decisions show that *RFR Industries* is no longer good law for that proposition.

In the first of the two decisions, in *Raniere*, the Federal Circuit reviewed a trial court's decision to award attorneys' fees against a plaintiff whose claim had been dismissed with prejudice for lack of standing. 887 F.3d at 1301-02. On appeal, the plaintiff argued that the defendants were not prevailing parties because a dismissal for lack of standing is generally

5

without prejudice and therefore not a judgment on the merits. The Federal Circuit, however, found that whether the district court had dismissed with prejudice—a finding on the merits—or without prejudice was irrelevant because "the Supreme Court recently clarified ... that 'a defendant need not obtain a favorable judgment on the merits in order to be a 'prevailing party.'" *Id.* at 1303 (citing *CRST*, 136 S. Ct. at 1651). Thus, a dismissal without prejudice could still make the defendant the prevailing party.

In the second decision, the Court of Federal Claims, applying Federal Circuit law, recently explicitly rejected the argument that a voluntary dismissal under Rule 41(a)(1) without prejudice cannot make the defendant a prevailing party. *Giesecke & Devrient*, 2020 WL 401806, at *9-10; *see also Martinez v. United States*, 94 Fed. Cl. 176, 183 (Fed. Cl. 2010) ("Defendant's argument that dismissal pursuant to Rule 41(a)(1)(A) categorically precludes a party from being considered prevailing is unpersuasive."). In *Giesecke & Devrient*, HID Global, a nonparty noticed as an accused infringer, moved under Rule 12(b)(6) to dismiss the plaintiff's infringement claims against it because its products did not infringe under plaintiff's own theory of the case. *Id.* at *3. The plaintiff moved to file a second amended complaint and represented to the court that it would remove certain claims from the second amended complaint, including those against HID. *Id.* at *4. The court granted the motion to amend and dismissed the plaintiff's claims against HID without prejudice. *Id.* HID then moved for an order finding the case exceptional and an award of attorneys' fees. *Id.* at *5.

In opposing the motion, the plaintiff, like M2T here, argued the defendant could not be the prevailing party because plaintiff's claims were dismissed without prejudice and could simply be re-filed. *Id.* at *9. The court found that "Plaintiff's insistence that the dismissal had to be 'with prejudice' to confer prevailing party status elevates form over substance." *Id*. at *9.

6

Citing *CRST*, the court held that a "defendant has attained prevailing party status and 'fulfilled its primary objective whenever the plaintiff's challenge is rebuffed, irrespective of the precise reason for the court's decision.'" *Id.* at *10 (citing *CRST*, 136 S. Ct. at 1651). Thus, despite the dismissals being without prejudice, SPX successfully rebuffed M2T's attempts to revive the prior lawsuit and SPX should be deemed the prevailing party.[1]

The remaining cases M2T cites are also no longer good law. MRT quotes cases holding that a party can only be a prevailing party if "a court has entered an enforceable judgment on the merits" (D.I. 35, at 8 (quoting *Heard v. St. Luke's Hospital*, C.A. No. 08-5494, 2010 WL 2569233, at *1 n.1 (E.D. Pa. June 21, 2010)), or "if he has obtained an 'enforceable judgmen[t] on the merits" (*Id.* (quoting *Hardt v. Reliance Standard Life Insurance Co.*, 560 U.S. 242, 130 S. Ct. 2149, 2150 (2010))).[2] Those cases were overruled by *CRST*: "The Court now holds that a favorable ruling on the merits is not a necessary predicate to find that a defendant has prevailed." *CRST*, 136 S. Ct. at 1646.

**IV. THIS CASE IS EXCEPTIONAL UNDER SECTION 285 AND THE COURT SHOULD AWARD ATTORNEYS' FEES**

Despite M2T's argument to the contrary, this case is exceptional because it depended on two claims that were clearly barred by the Settlement Agreement and thus frivolous. As the

---

[1] Even if M2T voluntarily dismissed Counts 2-4 and 6 for reasons other than the Court's order, SPX is still the prevailing party. As noted above, the Court does not have to find that SPX prevailed on every one of M2T's claims or that every one of M2T's claims were frivolous for SPX to be the prevailing party. *Fox*, 563 U.S. at 835. Rather, SPX need only show that it rebuffed M2T's attempt to change the legal relationship between the parties, which SPX did.

[2] M2T misquotes *Hardt*. First, M2T cites the syllabus, not the opinion itself. Second, that portion of the syllabus MRT quotes described the Fourth Circuit's holding below, not the Supreme Court's holding. The Supreme Court rejected the Fourth Circuit's reasoning because the statute in question did not require a prevailing party analysis.

7

Court found, the 2007 Settlement Agreement barred "any claims concerning the SPX Parties' future activities with respect to technology of which the M2T Parties knew or could have known from provided information or publicly available information." 01/17/2020 Hearing Tr. at 25:9-13. That provision barred M2T's infringement claim because both the '959 Patent and the accused device, the A245 impeller, were "specified in the release." *Id.* at 25:25 – 26:1. Similarly, the 2007 Settlement Agreement precluded Count 5 because the '844 Patent was explicitly identified in the release and thus "clearly falls within the release language under any reasonable interpretation." *Id.* at 26:8-9.

M2T argues that it simply disagreed with the Court regarding whether the settlement agreement barred Count 1 and Count 5. (D.I. 35, at 10 (claiming that M2T "believed (and still believes) that it did not intend the release provision or the prior settlement agreement to release any of its asserted claims"). With regard to Count 5, at least, that simply is not true. M2T admitted to the Court that Count 5 was improper: "We concede that that claim should not move forward." 01/17/2020 Hearing Tr. 19:13-14. SPX should not have to file and brief a motion to dismiss and then wait until oral argument for M2T to admit what is plain from the face of the 2007 Settlement Agreement. It should have been similarly obvious to M2T that the 2007 Settlement Agreement precluded Count 1.

M2T also suggests that its raising the 2007 Settlement Agreement in the Complaint somehow absolves it from bringing clearly barred claims. But the fact that M2T knew about the 2007 Settlement Agreement and its release provision, and brought the released claims anyway weighs in favor of, not against, finding this to be an exceptional case. *See Interspiro USA, Inc. v. Figgie Intern. Inc.*, 18 F.3d 927, 933 (Fed. Cir. 1994) (finding an exceptional case under Section

8

285 for knowing violation of settlement agreement); *Fitness IQ, LLC v. TV Products USA*, Inc., No. 10-cv-2584 WMC, 2012 WL 13175920, at *6 (S.D. Cal. Sept. 14, 2012) (same).

This case is exceptional under Section 285 and the Court should award attorneys' fees.

## V.  THE PLAIN LANGUAGE OF THE SETTLEMENT AGREEMENT REQUIRES THAT THE COURT AWARD ATTORNEYS' FEES

The plain language of the 2007 Settlement Agreement allows SPX to recover attorneys' fees. As an initial matter, M2T makes the remarkable argument that bringing claims specifically released in the 2007 Settlement Agreement does not breach that agreement. (D.I. 35, at 11). Refusing to abide by a release breaches the agreement. *See Everett Laboratories, Inc. v. River's Edge Pharm., LLC*, C.A. No. 09-3458 (JLL), 2010 WL 1424017, at *2 (D.N.J. Apr. 8, 2010) (denying motion to dismiss claim for breach of a settlement agreement where defendant allegedly asserted a released claim).

Second, M2T claims that SPX did not "institute legal proceedings" under the 2007 Settlement Agreement because M2T, not SPX, filed this lawsuit. In making that argument, M2T exhaustively defines "institute" but ignores the term "legal proceedings." As explained in SPX's moving brief, the term "legal proceedings" is not limited to filing of a complaint. Legal proceedings are "[t]he regular and orderly progression of a lawsuit, including all acts and events between the time if commencement and the entry of judgement [and] any procedural means for seeking redress from a tribunal or agency." Black's Law Dictionary, 1398 (10th ed. 2014). Thus, M2T requiring SPX engage in litigation proceedings, including filing its motion to dismiss, constitutes "institut[ing] legal proceedings" for purposes of the 2007 Settlement Agreement. As the prevailing party, therefore, SPX may recover attorneys' fees.

9

## CONCLUSION

M2T has a history of bringing suits against SPX relating to projects on which they are competing. M2T brought the prior litigation in connection with a contract from the City of Detroit and brought this action when the parties were both competing for a contract from the City of Miami. SPX included the attorneys' fees provision in the 2007 Settlement Agreement to prevent this type of behavior from M2T. Thus, SPX requests that the Court grant SPX's motion for attorneys' fees.

Respectfully submitted,

*/s/ Andrew E. Russell*
John W. Shaw (No. 3362)
Andrew E. Russell (No. 5382)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
arussell@shawkeller.com
*Attorneys for Defendants SPX Corporation, SPX Flow, Inc., and SPX Flow US, LLC*

OF COUNSEL:
Kenneth Sheehan
Willian DeVinney
BAKERHOSTELTER LLP
1050 Connecticut Avenue, N.W.
Suite 1100
Washington, DC 20036
(202) 861-1500

Dated: March 5, 2020