## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MIXING & MASS TRANSFER TECHNOLOGIES, LLC,<br><div align=right>Plaintiff,</div> | )<br>)<br>)<br>) | Civil Action No.<br>1:19-cv-00529-MN |

MIXING & MASS TRANSFER
TECHNOLOGIES, LLC,                          )       Civil Action No.
              Plaintiff,            )       1:19-cv-00529-MN
                          )
           v.                                    )       **Redacted:**
                          )       **Public Version**
SPX CORPORATION, et al.,                    )
              Defendants.        )
                          )

## PLAINTIFF'S ANSWERING BRIEF IN OPPOSITION TO
## DEFENDANTS' MOTION FOR ATTORNEYS' FEES

Stacey A. Scrivani (DE Bar No. 6129)
STEVENS & LEE, P.C.
919 North Market Street, Suite 1300
Wilmington, DE 19801
(302) 425-3306
Email:  sasc@stevenslee.com

Jeffrey D. Bukowski (PA Bar No. 76102)
*Admitted Pro Hac Vice*
STEVENS & LEE, P.C.
111 N. Sixth Street
Reading, Pennsylvania 19603-0679
(610) 478-2215
Email:  jdb@stevenslee.com

John W. Goldschmidt, Jr. (PA Bar No. 55298)
*Admitted Pro Hac Vice*
KENT FRANCHISE LAW GROUP LLP
620 Freedom Business Center, Suite 105
King of Prussia, Pennsylvania 19406
(484) 965-9679
Email:  JWG@kentfranchiselaw.com

*Attorneys for Plaintiff*
*Mixing & Mass Transfer Technologies, LLC*

Dated:  February 27, 2020

# TABLE OF CONTENTS

I.      COUNTERSTATEMENT OF THE NATURE AND STAGE OF THE
        PROCEEDINGS ...............................................................................................................1

II.     SUMMARY OF ARGUMENT .........................................................................................2

III.    COUNTERSTATEMENT OF FACTS. .............................................................................3

IV.     DEFENDANTS' MOTION FOR ATTORNEYS' FEES MUST BE DENIED..................6

        A.      The Court already denied Defendants' motion for fees and costs as
                part of its order granting-in-part and denying-in-part Defendants'
                motion to dismiss, and Plaintiff's voluntary dismissal without
                prejudice under Rule 41(a)(1)(A)(i) did nothing to change the Court's
                prior order........................................................................................................................6

        B.      Defendants' motion does not satisfy the requirements of Rule
                54(d)(2)(B). .....................................................................................................................7

        C.      Defendants are not "prevailing" parties and thus are not entitled to an
                award of fees or costs under the settlement agreement or 35 U.S.C.
                § 285...............................................................................................................................7

        D.      This case is not "exceptional" under 35 U.S.C. § 285. ................................................9

        E.      Even if the Court finds this case "exceptional," it should exercise its
                discretion and deny Defendants' motion....................................................................10

        F.      The plain language of Section 13 of the Settlement Agreement does
                not compel awarding Defendants their attorneys' fees. ............................................11

V.      CONCLUSION................................................................................................................12

i

# TABLE OF AUTHORITIES

**CASES**

*Altair Logix LLC v. Caterpillar Inc.*,
    C.A. No. 18-2057 (MN), 2019 WL 321948 (D. Del. Jul. 17, 2019) ...........................2, 3, 7, 10

*Cooter & Gell v. Hartmarx Corp.*,
    496 U.S. 384, 110 S. Ct. 2447 (U.S. 1990)...............................................................................8

*CRST Van Expedited, Inc. v. EEOC*,
    136 S. Ct. 1642 (U.S. 2016)......................................................................................................9

*Hardt v. Reliance Standard Life Ins. Co.*,
    560 U.S. 242, 130 S. Ct. 2149, 176 L. Ed. 2d 998 (2010).......................................................8

*Heard v. St. Luke's Hospital*,
    Civ. A. No. 08-5494, 2010 WL 2569233 (E.D. Pa. Jun. 21, 2010)..........................................8

*Hughes v. Lott*,
    350 F.3d 1157 (11th Cir.2003) .................................................................................................8

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
    572 U.S. 545, 134 S. Ct. 1749 (U.S. 2014)........................................................................3, 10

*Orlando Communications LLC v. LG Elecs., Inc.*,
    No. 6:14-CV-1017-ORL-22, 2015 WL 4694066 (M.D. Fla. Aug. 6, 2015) ............................9

*Raniere v. Microsoft Corp.*,
    887 F.3d 1298 (Fed. Cir. 2018)................................................................................................9

*RFR Industries, Inc. v. Century Steps, Inc.*,
    477 F.3d 1348 (Fed. Cir. 2007).......................................................................................3, 8, 9

**STATUTES, RULES & REGULATIONS**

28 U.S.C. §§ 1291, 1292(a) ......................................................................................................5, 7

28 U.S.C. § 1292(b) ........................................................................................................................7

35 U.S.C. § 285.................................................................................................2, 3, 6, 7, 8, 9, 10

Fed. R. Civ. P. 12(b)(6)...............................................................................................................1, 4

Fed. R. Civ. P. 41(a)(1)(A)(i) ...............................................................................1, 2, 3, 5, 6, 8, 9

Fed. R. Civ. P. 41(a)(1)(A)(ii) .......................................................................................................9

ii

Fed. R. Civ. P. 41(a)(1)(i) ......................................................................................................3, 8

Fed. R. Civ. P. 41(b) ...................................................................................................................9

Fed. R. Civ. P. 54(a) ...................................................................................................................7

Fed. R. Civ. P. 54(d)(2)(B) ......................................................................................................2, 7

**OTHER AUTHORITIES**

Merriam-Webster's Unabridged Dictionary,
  https://unabridged.merriam-webster.com/unabridged/institute (last viewed
  Feb. 27, 2020) ........................................................................................................................12

## I. COUNTERSTATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS

On January 17, 2020, after oral argument, the Court "granted-in-part and denied-in-part" Defendants' Rule 12(b)(6) motion to dismiss all of Plaintiff's claims. (D.I. minute entry 1/17/2020.) The Court's order dismissed counts 1 and 5 of Plaintiff's complaint alleging patent infringement (count 1) and declaratory judgment to invalidate one of Defendants' patents (count 5), based on the Court's interpretation of the parties' prior settlement agreement as releasing those claims. (*See* Exhibit A, Hearing Transcript ("Tr.") at 23-26.) The Court's order denied–in-part Defendants' motion and allowed Plaintiff's other four claims (counts 2, 3, 4 & 6) to proceed, based on the Court's interpretation of the prior settlement agreement as not clearly releasing those claims to support a motion to dismiss. (Tr. at 23-26.)

As to the dismissed claims (counts 1 and 5), the Court stated the dismissal was "without prejudice," and that Plaintiff was free to attempt to re-plead the dismissed claims if "Plaintiff comes up with facts sufficient to meet a pleading standard." (See Tr. at 26.) The Court did not enter judgment on or dismiss with prejudice any of Plaintiff's claims. The Court expressly denied the part of Defendants' motion requesting Plaintiff to pay Defendants' attorneys' fees and costs based on a fee-shifting provision of the parties' prior settlement agreement. (Tr. at 27.)

For reasons unrelated to the merits of Plaintiff's claims, on Thursday, January 30, 2020, before Defendants filed or served an answer to Plaintiff's complaint or a motion for summary judgment, Plaintiff filed a notice of dismissal without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). (D.I. 30.) Rule 41(a)(1)(A)(i) permits a plaintiff to voluntarily dismiss its claims without prejudice without any order from the Court or the consent of any other party. The Clerk marked this case closed for statistical purposes shortly after Plaintiff filed its notice of dismissal.

1

On Thursday, February 13, 2020, Defendants multiplied the proceedings in this action by filing a motion for attorneys' fees and opening brief in support (D.I. 32-33), which is before the Court. Defendants' motion seeks an order compelling Plaintiff to pay $128,829.00 in attorneys' fees and $12,340.29 in costs incurred by Defendants in defending against Plaintiff's claims in this action, plus attorneys' fees and costs in filing its motion for attorneys' fees.

## II. SUMMARY OF ARGUMENT

The Court should deny Defendants' motion for attorneys' fees for the following reasons.

The Court already denied Defendants' motion for fees and costs as part of its order granting-in-part and denying-in-part Defendants' motion to dismiss, and Plaintiff's voluntary dismissal without prejudice under Rule 41(a)(1)(A)(i) did nothing to change the Court's prior order. Defendants should not get a second bite at the apple simply because Plaintiff voluntarily dismissed this action without prejudice.

Next, Defendants' motion does not satisfy the requirements of Rule 54(d)(2)(B) because it fails to specify, among other things, the "judgment" entitling Defendants to an award, because there was no judgment within the meaning of the rules. *See Altair Logix LLC v. Caterpillar Inc.*, C.A. No. 18-2057 (MN), 2019 WL 321948, at \*2 (D. Del. Jul. 17, 2019) (Noreika, J.) (denying defendant's fee motion, in part, as deficient under Rule 54(d)(2)(B)).

The Court also should deny Defendants' motion because Defendants are not "prevailing parties" in this action, which is a prerequisite to any fee award under either the 2007 settlement agreement or 35 U.S.C. § 285. The Court's January 17, 2020 order dismissed counts 1 and 5 of Plaintiff's complaint "without prejudice" and left Plaintiff free to attempt to re-plead those claims at a later date. Plaintiff's remaining four claims were not dismissed. Before Defendants filed or served an answer to Plaintiff's complaint or a motion for summary judgment, Plaintiff filed a notice of dismissal without prejudice under Fed. R. Civ. P. 41(a)(1)(A)(i). A dismissal

without prejudice under Rule 41(a)(1)(i)—the predecessor to Rule 41(a)(1)(A)(1)—does not bestow "prevailing party" status upon a defendant. *See RFR Industries, Inc. v. Century Steps, Inc.*, 477 F.3d 1348, 1353 (Fed. Cir. 2007).

Even assuming the Court were to concludes Defendants are prevailing parties—which it should not—the Court must nevertheless deny Defendants' motion for fees and costs because this case is not "exceptional," which is the other prerequisite to a fee award under 35 U.S.C. § 285. *See Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554, 134 S. Ct. 1749, 1756 (U.S. 2014).

Even if the Court finds this case "exceptional," it should exercise its discretion and deny Defendants' motion. The Court "may decline to award attorneys' fees even in cases found to be exceptional under § 285." *Altair Logix*, 2019 WL 321948 at *3. Although the Court disagreed with Plaintiff about its patent claims being released, the Court dismissed those claims without prejudice such that Plaintiff was permitted to later re-plead those claims in this action if it could assert additional facts.

Finally, Defendants' motion for attorneys' fees should be denied because asserting a claim that the Court ultimately determined was released was not ███████████████████ ████████████████, and Defendants have not asserted a claim that it was. Therefore, this fee provision is not triggered. Moreover, Defendants were not required to "institute legal proceedings" to enforce its rights under the 2007 settlement agreement.

## III.  COUNTERSTATEMENT OF FACTS.

Plaintiff Mixing & Mass Transfer Technologies, LLC ("Plaintiff" or "M2T") filed its complaint March 18, 2019 against defendants SPX Corporation, SPX Flow, Inc., and SPX Flow US, LLC (collectively, "Defendants" or "SPX"), and ten Doe defendants whose identities are as yet unknown and remain unserved.  (D.I. 1.)

3

Plaintiff's complaint asserted six claims against Defendants: (1) patent infringement based on Defendants' manufacture and sale of a waste water treatment surface aerator impeller that practices the invention disclosed and claimed in M2T's U.S. Patent No. 6,877,959 issued April 12, 2005; (2) unfair competition under the Lanham Act based on Defendants' sale, marketing and promotion of the SPX Model A245 surface aerator impeller; (3) false advertising under the Lanham Act based on Defendants' marketing and promotion of the SPX Model A245 surface aerator impeller; (4) unfair competition under common law based on Defendants' sale, marketing and promotion of the SPX A245 surface aerator impeller; (5) declaratory judgment to invalidate SPX's U.S. Patent No. 7,114,844 based on false and misleading statements to the USPTO about inventorship; and (6) unjust enrichment based on all of the above conduct. (D.I. 1.) Notwithstanding the fact that certain allegations in Plaintiff's complaint referred to activities that were part of the parties' prior lawsuit, each of Plaintiff's claims in this action were substantively different from the ones asserted previously.

On April 9, 2019, Defendants filed a motion to dismiss all of Plaintiff's claims for failure to state a claim under Fed. R. Civ. P. 12(b)(6) based solely on the parties' 2007 settlement agreement that ended the previous litigation between the parties, which Defendants argued released all of Plaintiff's claims against Defendants. (D.I. 12, 14.) On May 3, 2019, Plaintiff filed its answering brief arguing why the parties' prior settlement agreement did not release Plaintiff's claims against Defendants. (D.I. 17.) Defendants filed their reply brief in support of their motion to dismiss on May 10, 2019. (D.I. 19.)

On January 17, 2020, after oral argument on Defendants' motion to dismiss all of Plaintiff's claims, the Court granted in part and denied in part Defendants' motion. The Court granted Defendants' motion, in part, and dismissed counts 1 and 5 of Plaintiff's complaint

4

alleging patent infringement (count 1) and declaratory judgment to invalidate SPX's 7,114,844 patent (count 5), based on the Court's interpretation of the parties' prior settlement agreement as releasing those claims. The Court denied Defendants' motion, in part, and allowed Plaintiff's other four claims (counts 2, 3, 4 & 6) to proceed, based on the Court's interpretation of the prior settlement agreement as not releasing those claims.

Regarding the dismissed claims (counts 1 and 5), the Court expressly stated dismissal was "without prejudice" and that Plaintiff was free to re-plead those claims subject to the pleading requirements. The Court did not enter judgment on any of Plaintiff's claims. The Court also expressly denied the part of Defendants' motion to dismiss requesting an order requiring Plaintiff to pay Defendants' attorneys' fees based on a fee-shifting provision of the parties' prior settlement agreement. The Court's order dismissing counts 1 and 5 of Plaintiff's complaint without prejudice was not a final decision and, thus, Plaintiff had no right to an immediate appeal of the Court's order. 28 U.S.C. §§ 1291, 1292(a).

On Thursday, January 30, 2020, before Defendants filed or served an answer to Plaintiff's complaint or a motion for summary judgment, Plaintiff voluntarily dismissed this action without prejudice by filing a notice of dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). (D.I. 30.) Under Rule 41(a)(1)(A)(i), the Plaintiff may dismiss its claims without prejudice without any order from the Court or the consent of any other party. The Clerk marked this case closed for statistical purposes shortly after Plaintiff filed its notice of dismissal.

On Thursday, February 13, 2020, Defendants filed a motion for attorneys' fees and an opening brief in support. (D.I. 32-33.) Defendant's motion for attorneys' fees is before the Court. Defendants' motion seeks an order compelling Plaintiff to pay $128,829.00 in attorneys'

5

fees and $12,340.29 in costs incurred by Defendants defending against Plaintiff's claims in this action, plus attorneys' fees and costs in filing its motion for attorneys' fees.

## IV.  DEFENDANTS' MOTION FOR ATTORNEYS' FEES MUST BE DENIED.

Defendants' motion for attorneys' fees seek an order compelling Plaintiff to pay Defendants fees and costs that Defendants incurred in this action based on two grounds:  (1) the attorneys' fee provision of the parties' 2007 settlement agreement (D.I. 33 at 4-6 & Ex. 1 § 13); and (2) the fee-shifting statute applicable to patent cases, 35 U.S.C. § 285 (D.I. 33 at 6-10).  Both grounds require Defendants to be a prevailing party before the Court can award fees and costs.

### A.  The Court already denied Defendants' motion for fees and costs as part of its order granting-in-part and denying-in-part Defendants' motion to dismiss, and Plaintiff's voluntary dismissal without prejudice under Rule 41(a)(1)(A)(i) did nothing to change the Court's prior order.

The Court should deny Defendants' motion for fees and costs based on the 2007 settlement agreement because in ruling on Defendants' motion to dismiss on January 17, 2020, the Court already denied Defendants' request for attorneys' fees and costs based on the exact same provision of the 2007 settlement agreement and the same arguments presented here.

At the end of the oral argument, Defendants' counsel asked the Court to address Defendants' request to award fees and costs under the 2007 settlement agreement.  The Court expressly denied Defendants' motion for fees and costs.  (Ex. A, Tr. at 27.)  Plaintiff's voluntary dismissal of this action without prejudice changed nothing about the Court's order dismissing two of Plaintiff's claims without prejudice and allowing the remaining four claims to proceed. Defendants should not get a second bite at the apple simply because Plaintiff decided not to further pursue its claims and exercised its right to voluntarily dismiss this action without prejudice under Rule 41(a)(1)(A)(i).

6

**B.  Defendants' motion does not satisfy the requirements of Rule 54(d)(2)(B).**

Next, the Court should deny Defendants' motion for failing to satisfy the procedural

requirements of Fed. R. Civ. P. 54(d)(2)(B), which requires a motion for fees to specify, among

other things, the "judgment" entitling the movant to an award. *Altair Logix LLC v. Caterpillar

Inc.*, C.A. No. 18-2057 (MN), 2019 WL 321948, at *2 (D. Del. Jul. 17, 2019) (Noreika, J.)

(denying defendant's fee motion, in part, as deficient under Rule 54(d)(2)(B)).  The term

"judgment" under these rules "includes a decree and any order from which an appeal lies."  Fed.

R. Civ. P. 54(a).  Defendants' motion fails to specify the "judgment" on which it relies because

there was no judgment.  The Court's order granting-in-part and denying-in-part Defendants'

motion to dismiss Plaintiff's claims was interlocutory.  As to the two claims the Court dismissed

(counts 1 and 5), the Court's dismissal order was "without prejudice," and the Court denied

Defendants' motion to dismiss Plaintiff's other four claims.  Therefore, the Court's order was not

a final decision from which an appeal lies.  28 U.S.C. §§ 1291, 1292(a).[1]

**C.  Defendants are not "prevailing" parties and thus are not entitled to an
     award of fees or costs under the settlement agreement or 35 U.S.C. § 285.**

The Court also should deny Defendants' motion because Defendants are not a "prevailing

party" in this action, which is a prerequisite to any fee award under either the 2007 settlement

agreement or 35 U.S.C. § 285.  As explained above, the Court's order dismissing counts 1 and 5

of Plaintiff's complaint was "without prejudice" and left Plaintiff free to seek to re-plead those

claims at a later date if Plaintiff could assert facts to meet a pleading standard.  Plaintiff's

---

[1] For Plaintiff to immediately appeal the Court's order dismissing counts 1 and 5 without
prejudice, the Court would have had to state in writing in its interlocutory order that the order
involves a controlling question of law to which there is a substantial ground for a difference of
opinion and that an immediate appeal from the order may materially advance the ultimate
termination of the litigation.  If the Court did so certify, Plaintiff would be allowed to file a
petition for permission to appeal, which the appellate court would have the discretion to grant or
deny.  28 U.S.C. § 1292(b).

remaining four claims were not dismissed.  Before Defendants filed or served an answer to

Plaintiff's complaint or a motion for summary judgment, Plaintiff exercised its right to one free

dismissal without prejudice.  *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 397, 110 S.

Ct. 2447, 2457 (U.S. 1990).

 In a decision that is binding on this Court, the Federal Circuit held that a dismissal

without prejudice under Rule 41(a)(1)(i)—the predecessor to Rule 41(a)(1)(A)(1)—does not

bestow "prevailing party" status upon a defendant because it does not constitute a change in the

legal relationship of the parties so as to satisfy the *Buckhannon* test because "the plaintiff is free

to refile its action."  *RFR Industries, Inc. v. Century Steps, Inc.*, 477 F.3d 1348, 1353 (Fed. Cir.

2007) (reversing attorneys' fee award because defendant was not a prevailing party under

35 U.S.C. § 285 based on plaintiff's Rule 41(a)(1)(i) voluntary dismissal without prejudice;

*see also Hughes v. Lott,* 350 F.3d 1157, 1161 (11th Cir.2003) ("A dismissal without

prejudice . . . does not have res judicata effect.").

 In addition, a plaintiff's voluntary dismissal under Rule 41(a)(1)(i) is not "judicially

sanctioned" because it does not require a court order, nor does the court have the power or

discretion to place any conditions on it.  *RFR Industries*, 477 F.3d at 1353; *see also Heard v. St.*

*Luke's Hospital*, Civ. A. No. 08-5494, 2010 WL 2569233, at *1 n.1 (E.D. Pa. Jun. 21, 2010)

("The Supreme Court held that a party is 'prevailing' under a statute allowing the award of

attorneys' fees when:  (1) a court has entered an enforceable judgment on the merits in the

party's favor, or (2) a settlement agreement has been enforced through a court-ordered consent

decree.") (citing *Buckhannon*)); *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 130 S.

Ct. 2149, 2150, 176 L. Ed. 2d 998 (2010) (citing *Buckhannon*, 532 U.S. at 604, 121 S. Ct. at

1840, as setting standard that a fee claimant is a "prevailing party" only if he has obtained an

"enforceable judgmen[t] on the merits" or a "court-ordered consent decre[e]."); *Orlando Communications LLC v. LG Elecs., Inc.*, No. 6:14-CV-1017-ORL-22, 2015 WL 4694066, at *4 n.3 (M.D. Fla. Aug. 6, 2015) ("Defendants do not argue that . . . Rule 41(a) (1)(A)(i) voluntary dismissals confer prevailing party status.  Nor could they reasonably make such an argument. *See RFR Indus.*, 477 F.3d at 1353.").[2]

　　None of Defendants' cases involves a Court concluding the defendants were a prevailing party on the basis of their partially successful motion to dismiss that resulted in the Court's entry of an interlocutory order dismissing **without prejudice** only two of the plaintiff's six claims (and allowing the plaintiff's other four claims to proceed), followed by the plaintiff's timely filing of a notice of voluntary dismissal without prejudice under Rule 41(a)(1)(A)(i).  That is because this conclusion is untenable under the applicable statutes and rules and the cases applying them.

### D.  This case is not "exceptional" under 35 U.S.C. § 285.

　　Even assuming the Court concludes Defendants are prevailing parties, the Court should nevertheless deny Defendants' motion for fees and costs because this case is not "exceptional," which is the second prerequisite to a fee award under 35 U.S.C. § 285 ("The court in exceptional cases may award reasonable attorney fees to the prevailing party.").

---

[2]  In *CRST Van Expedited, Inc. v. EEOC*, 136 S. Ct. 1642, 1651 (U.S. 2016), the Supreme Court held that a defendant need not obtain a favorable judgment **on the merits** to be a "prevailing party" under federal fee-shifting statutes.  "The defendant may prevail even if the court's **final judgment** rejects the plaintiff's claim for a nonmerits reason."  *Id.* (emphasis added).  After *CRST*, the Federal Circuit has followed its sister circuits in analyzing a defendant's prevailing party status by considering whether the district court's decision—"a judicially sanctioned change in the legal relationship of the parties"—effects or rebuffs a plaintiff's attempt to effect a "material alteration in the legal relationship between the parties."  *Raniere v. Microsoft Corp.*, 887 F.3d 1298, 1306 (Fed. Cir. 2018).  In *Raniere*, the court concluded an **involuntary dismissal with prejudice** under Rule 41(b) for lack of standing, which differs from Plaintiff's Rule 41(a)(1)(A)(i) voluntary dismissal without prejudice here, made appellees prevailing parties.  *Raniere*, 887 F.3d at 1308.  Nothing in *CRST* or *Raniere* affects the holding in *RFR Industries* that Plaintiff's voluntary dismissal without prejudice under Rule 41(a)(1)(A)(ii) does not confer "prevailing party" status on Defendants because it is not a "judicially sanctioned change in the legal relationship of the parties."

9

An "exceptional" case is one that stands out from others with respect to the substantive strength of a party's litigation position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated. *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554, 134 S. Ct. 1749, 1756 (U.S. 2014). This case is not exceptional in either respect.

Plaintiff asserted six claims against Defendants, including two claims that the Court determined had been released by the parties' 2007 settlement agreement. Plaintiff did not ignore the release provision; rather, it brought it to the Court's attention by referencing it in the pleadings, thereby ensuring this issue would be raised early. Plaintiff believed (and still believes) that it did not intend the release provision or the prior settlement agreement to release any of its asserted claims. The Court disagreed and dismissed two of Plaintiff's claims (counts 1 and 5) without prejudice, and provided Plaintiff with an opportunity to re-plead those claims with additional supporting facts. The Court denied Defendants' motion to dismiss Plaintiff's remaining four claims, and allowed those claims to proceed. For reasons unrelated to the merits of its claims, Plaintiff decided to voluntarily dismiss this action without prejudice rather than proceed. Nothing about Plaintiff asserting its claims or the way it litigated this case is exceptional. Therefore, the Court may not award attorneys' fees under 35 U.S.C. § 285.

### E. Even if the Court finds this case "exceptional," it should exercise its discretion and deny Defendants' motion.

The Court "may decline to award attorneys' fees even in cases found to be exceptional under § 285." *Altair Logix*, 2019 WL 321948 at *3. It should do so here. This is not a case of a sloppy pre-complaint investigation or assertion of frivolous claims. As explained above, Plaintiff was aware of the parties' settlement agreement and, in fact, referenced it in its complaint, thereby bringing this issue to the Court's attention for resolution early in the case.

10

Plaintiff also had a good faith and non-frivolous basis for arguing the prior settlement agreement did not release any of its claims in this action.  Defendants do not assert otherwise.  Among other things, the release provision upon which Defendants relied referred to an exhibit to the agreement, and that exhibit did not describe, depict or even mention the allegedly infringing SPX A245 impeller despite its inclusion in the list of products in Section 4.1 of the agreement.  (D.I. 32 Ex. 1 § 4.1.)

Although the Court disagreed with Plaintiff as to its patent claims, it nevertheless dismissed those claims without prejudice so that Plaintiff, had it not voluntarily dismissed this action, would have been permitted to attempt to later re-plead those claims.  (Tr. at 27.)

### F. The plain language of Section 13 of the Settlement Agreement does not compel awarding Defendants their attorneys' fees.

Section 13 of the 2007 settlement agreement states, ███████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████  (D.I. 32 Ex. 1 § 13.)

This provision does not support Defendants' motion for several reasons.

First, Defendants are not the prevailing party for the reasons set forth above.

Second, asserting a claim that the Court ultimately determined was released was not a

███████████████████████████████████████, and Defendants have not asserted a claim that it was.  Therefore, this fee provision is not triggered.

Finally, Defendants were not ██████████████████████████████████████

███████████

According to Merriam-Webster, the second definition of the verb "institute" means:

**a :** to originate and get established **:** set up **:** cause to come into existence **:** ORGANIZE <the man that *instituted* these reforms in lexicography>

**b :** to set on foot **:** INAUGURATE, INITIATE

<*instituting* an investigation of the charges>

Merriam-Webster's Unabridged Dictionary (online edition), https://unabridged.merriam-webster.com/unabridged/institute (last viewed Feb. 27, 2020).  Synonyms for "institute" include begin, constitute, establish, inaugurate, initiate, innovate, found, introduce, launch, pioneer, plant, set up, and start.  *Id.*

Defendants did not institute, originate, begin, initiate, or start any legal proceedings. They merely asserted the affirmative defense of release and filed a motion to dismiss, which was only partially successful.  Defendants' argument that the filing a motion to dismiss—that was only partially successful and even then dismissal was without prejudice—fits within the plain meaning of this provision stretches the language beyond the breaking point.

## V. CONCLUSION

For all of the foregoing reasons, the Court should deny Defendants' motion for attorneys' fees and costs in defending against Plaintiff's claims and in filing its motion.  If anything, by filing this motion for fees and costs, Defendant vexatiously multiplied the proceedings in this closed case, and the Court should award Plaintiff its fees and costs in opposing Defendants' motion.

Respectfully submitted,

Dated: February 27, 2020

s/ Stacey A. Scrivani
Stacey A. Scrivani (DE Bar No. 6129)
STEVENS & LEE, P.C.
919 North Market Street, Suite 1300
Wilmington, DE 19801
(302) 425-3306
Email: sasc@stevenslee.com

John W. Goldschmidt, Jr. (PA Bar No. 55298)
Admitted Pro Hac Vice
KENT FRANCHISE LAW GROUP LLP
620 Freedom Business Center, Suite 105
King of Prussia, Pennsylvania 19406
(484) 965-9679
Email: JWG@kentfranchiselaw.com

Jeffrey D. Bukowski (PA Bar No. 76102)
Admitted Pro Hac Vice
STEVENS & LEE, P.C.
111 N. Sixth Street
Reading, Pennsylvania 19603-0679
(610) 478-2215
Email: jdb@stevenslee.com

13

## **CERTIFICATE OF SERVICE**

I, Stacey A. Scrivani, Esquire, certify that on this date, I served a true and correct copy of

Plaintiff's Answering Brief in Opposition to Defendants' Motion for Attorneys' Fees on

Defendants through their below counsel through the Court's ECF system and by electronic mail.

John W. Shaw
**SHAW KELLER LLP**
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE  19801
Email:  jshaw@shawkeller.com,
cal@shawkeller.com

Kenneth J. Sheehan
**BAKER HOSTETLER LLP**
1050 Connecticut Avenue, N.W
Washington, DC 20036
Email:  ksheehan@bakerlaw.com

William T. DeVinney
**BAKER HOSTETLER LLP**
1050 Connecticut Avenue, N.W
Washington, DC 20036
Email:  wdevinney@bakerlaw.com

Dated:  February 27, 2020

  s/ Stacey A. Scrivani
   Stacey A. Scrivani (DE Bar No. 6129)
   STEVENS & LEE, P.C.
   919 North Market Street, Suite 1300
   Wilmington, DE 19801
   (302) 425-3306
   Email:  sasc@stevenslee.com

   *Attorneys for Plaintiff*
   *Mixing & Mass Transfer Technologies, LLC*

| | |
|---|---|
| MIXING & MASS TRANSFER TECHNOLOGIES, LLC,<br>　　　　　Plaintiff, | )<br>)<br>)   Civil Action No. 1:19-cv-00529-MN<br>) |
| v. | )<br>) |
| SPX CORPORATION, et al.,<br>　　　　　Defendants. | )   Proposed Order<br>)<br>) |

## <u>ORDER DENYING MOTION</u>

AND NOW, this _____ day of _____, 2020, upon

consideration of defendants' motion for attorneys' fees, plaintiff's response thereto, and other

matters of record, IT IS HEREBY ORDERED that defendants' motion for attorneys' is

DENIED.

Date: _____          _____
　　　　　　　　　　　　　　　　United States District Judge Maryellen Noreika