# EXHIBIT A

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MIXING & MASS TRANSFER TECHNOLOGIES, LLC,<br>    Plaintiff,<br><br>v.<br><br>SPX CORPORATION, et al.,<br>    Defendants. | )<br>)<br>) Civil Action No.<br>) 1:19-cv-00529-MN<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF'S SUR-REPLY BRIEF IN OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEYS' FEES

        Stacey A. Scrivani (DE Bar No. 6129)
        STEVENS & LEE, P.C.
        919 North Market Street, Suite 1300
        Wilmington, DE 19801
        (302) 425-3306
        Email: sasc@stevenslee.com

        Jeffrey D. Bukowski (PA Bar No. 76102)
        *Admitted Pro Hac Vice*
        STEVENS & LEE, P.C.
        111 N. Sixth Street
        Reading, Pennsylvania 19603-0679
        (610) 478-2215
        Email: jdb@stevenslee.com

        John W. Goldschmidt, Jr. (PA Bar No. 55298)
        *Admitted Pro Hac Vice*
        KENT FRANCHISE LAW GROUP LLP
        620 Freedom Business Center, Suite 105
        King of Prussia, Pennsylvania 19406
        (484) 965-9679
        Email: JWG@kentfranchiselaw.com

        *Attorneys for Plaintiff*
        *Mixing & Mass Transfer Technologies, LLC*

Dated:  March 12, 2020

ii

**TABLE OF CONTENTS**

I.    DEFENDANTS MISCONSTRUE THE HOLDINGS OF THEIR NEWLY CITED CASES AND MISSTATE THE LEGAL EFFECT OF THOSE CASES AND THEIR APPLICABILITY TO DEFENDANTS' MOTION. ........................... 1

II.   CONCLUSION ............................................................................................................... 8

# TABLE OF AUTHORITIES

**CASES**

*Barnes v. Morris*,
 No. 1:16-CV-00500, 2018 WL 338631 (M.D. Pa. Jan. 9, 2018)..............................................8

*In re Bath and Kitchen Fixtures Antitrust Litigation*,
 535 F.3d 161 (3d Cir. 2008)....................................................................................................2

*Buckhannon Board & Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*,
 532 U.S. 598 (2001).......................................................................................................3, 4, 8

*Capella Photonics, Inc. v. Cisco Systems Inc.*,
 No. 14-CV-03348-EMC, 2019 WL 4242665 (N.D. Cal. Sep. 6, 2019) ..................................7

*Carter v. United States*,
 547 F.2d 258 (5th Cir. 1977) ..................................................................................................2

*CRST Van Expedited, Inc. v. Equal Employment Opportunity Commission*,
 136 S. Ct. 1642 (2016)........................................................................................................3, 4

*Giesecke & Devrient GmbH v. United States*,
 No. 17-1812C, 2020 WL 401806 (Fed. Cl. Jan. 24, 2020)............................................3, 5, 6

*Martinez v. United States*,
 94 Fed. Cl. 176 (Fed. Cl. 2010) .............................................................................................6

*Raniere v. Microsoft Corp.*,
 887 F.3d 1298 (Fed. Cir. 2018)....................................................................................3, 4, 5, 6, 7

*RFR Industries v. Century Steps, Inc.*,
 477 F.3d 1348 (Fed. Cir. 2007)....................................................................................... Passim

*Smalley v. Account Services Collections, Inc.*,
 No. 2:15CV1488, 2017 WL1092678 (W.D. Pa. Mar. 23, 2017).............................................8

*Stockade Companies, LLC v. Kelly Restaurant Group, LLC*,
 No. A-17-CV-143 RP, 2018 WL 3018177 (W.D. Tex. Jun. 15, 2018)...................................8

*Transport Technologies, LLC v. Los Angeles Metropolitan Transportation Authority*,
 No. CV 1506423-RSWL-MRW, 2019 WL 2058630 (C.D. Cal. May 8, 2019) .......................7

SL1 1631737v1 066249.00009

**STATUTES, RULES & REGULATIONS**

35 U.S.C. § 285 ........................................................................................................... 1, 2, 3, 7, 8

D. Del. LR 7.1.3(c)(2) .................................................................................................................. 1

Fed. R. Civ. P. 5(b)(2) ................................................................................................................. 2

Fed. R. Civ. P. 12(b)(6) ............................................................................................................... 5

Fed. R. Civ. P. 41 ........................................................................................................................ 2

Fed. R. Civ. P. 41(a)(1) ............................................................................................................... 1

Fed. R. Civ. P. 41(a)(1)(i) ....................................................................................................... 2, 3

Fed. R. Civ. P. 41(a)(1)(A)(i) ........................................................................................... 2, 5, 6, 7, 8

Fed. R. Civ. P. 41(a)(1)(A)(ii) .................................................................................................... 8

Fed. R. Civ. P. 41(a)(2) ........................................................................................................... 2, 5

Fed. R. Civ. P. 54 ........................................................................................................................ 8

Fed. R. Civ. P. 54(a) ................................................................................................................... 6

### I. DEFENDANTS MISCONSTRUE THE HOLDINGS OF THEIR NEWLY CITED CASES AND MISSTATE THE LEGAL EFFECT OF THOSE CASES AND THEIR APPLICABILITY TO DEFENDANTS' MOTION.

Defendants' Reply Brief cites and relies on new cases in support of their motion.  Based on Defendants' description of the holdings, legal effect and applicability of these cases, Defendants could have and should have cited these cases in a full and fair Opening Brief.  *See* D. Del. LR 7.1.3(c)(2).  Plaintiff files its Sur-Reply Brief to set the record straight.

Defendants assert that Plaintiff cannot avoid contractual and statutory liability for attorneys' fees simply because its claims were dismissed—either by the Court or voluntarily by Plaintiff—without prejudice.  (D.I. 36 at 5.)  In support of their assertion, Defendants state, "None of the cases relied upon by [Plaintiff] are still good law." (D.I. 36 at 5.)

The "cases" to which Defendants refer is one case, *RFR Industries v. Century Steps, Inc.*, 477 F.3d 1348 (Fed. Cir. 2007), which Defendants failed to cite in their Opening Brief.  Plaintiff cited *RFR Industries* in its Answering Brief as controlling on the issue of whether Defendants are "prevailing" parties in this case, which is the first necessary predicate to any attorneys' fee award under 35 U.S.C. § 285 or the parties' 2007 settlement agreement.  Defendants acknowledge that the holding of *RFR Industries* is that a voluntary dismissal without prejudice under Rule 41(a)(1) cannot, as a matter of law, confer prevailing party status on the defendant.  (D.I. 36 at 5.)  As a Federal Circuit case on a patent law issue—whether a party is prevailing under 35 U.S.C. § 285—*RFR Industries* is binding authority on that issue.  Therefore, to prevail, Defendants have no choice but to attack and try to knock out *RFR Industries* as no longer being "good law."

In *RFR Industries*, plaintiff RFR filed a complaint against defendant Century alleging direct, induced and contributory infringement of two embedded railway track system patents assigned to RFR.  After defendant Century filed and faxed an answer to RFR's complaint asserting RFR's claims were barred by the doctrines of patent exhaustion and implied license,

1

RFR filed a document titled, "RFR's Notice of Dismissal Without Prejudice and Alternative Motion to Dismiss Without Prejudice," in which RFR stated it was dismissing the action under Fed. R. Civ. P. 41(a)(1)(i).[1] *RFR Industries*, 477 F.3d at 1350.

Century opposed RFR's notice of dismissal and moved for judgment on the pleadings. The district court ruled that RFR's attempted notice of dismissal without prejudice under Rule 41(a)(1)(i) was ineffective as untimely because Century had previously filed and faxed its answer to RFR. The court denied RFR's alternative motion to dismiss under Rule 41(a)(2), and granted Century's motion for judgment on the pleadings based on its conclusion that RFR's patent rights were exhausted. *Id.* On appeal, RFR argued it had an absolute right to dismiss its action without prejudice because Century had not properly served its answer before RFR filed its notice of dismissal. *Id.* at 1351. The Federal Circuit agreed and ruled the case was dismissed without prejudice when RFR filed its notice of dismissal because Century failed to comply with Rule 5(b)(2) regarding service of its answer.[2] *Id.* at 1351-52.

Despite this ruling, Century argued the court could still affirm the district court's award of attorneys' fees under 35 U.S.C. § 285. The Federal Circuit disagreed and reversed the district court's award of attorneys' fees, holding a plaintiff's voluntary dismissal without prejudice

---

[1] As explained in Plaintiff's Answering Brief, Rule 41(a)(1)(i) is the predecessor to Rule 41(a)(1)(A)(i). Both Rule 41(a)(1)(i) and Rule 41(a)(1)(A)(i) permit a plaintiff to voluntarily dismiss an action without a court order by filing a notice of dismissal at any time before the opposing party serves either an answer or a motion for summary judgment.

[2] Because the right to a dismissal under Rule 41 is not unique to patent law, the Federal Circuit in *RFR Industries* deferred to regional circuit law—in that case the Fifth Circuit—on that issue. *Id.* at 1351. There is no difference under Third Circuit law. *See In re Bath and Kitchen Fixtures Antitrust Litigation*, 535 F.3d 161, 165 (3d Cir. 2008) (vacating district court's order striking as untimely notice of voluntary dismissal under Rule 41(a)(1)(A)(i) and remanding with instructions to enter an order dismissing the complaint without prejudice) (citing and quoting *Carter v. United States*, 547 F.2d 258, 259 (5th Cir. 1977)).

pursuant to Rule 41(a)(1)(i) does not bestow "prevailing party" status upon the defendant under 35 U.S.C. § 285. *Id.* at 1352-53. A plaintiff's voluntary dismissal without prejudice under Rule 41(a)(1)(i) is neither judicially sanctioned—it does not require court approval or action at all—nor does it constitute a change in the legal relationship of the parties because the plaintiff is free to refile its action. *Id.* at 1353. Both of these are necessary predicates to a defendant's "prevailing party" status.

According to Defendants, *RFR Industries* "was decided before, and conflicts with *CRST [Van Expedited, Inc. v. Equal Employment Opportunity Commission*, 136 S. Ct. 1642 (2016)], and at least two decisions show that *RFR Industries* is no longer good law for that proposition." (D.I. 36 at 5.) Needing to knock out *RFR Industries* to have any chance to win their fee motion, Defendants misconstrue the holdings of *CRST* and two other cases, *Raniere v. Microsoft Corp.*, 887 F.3d 1298 (Fed. Cir. 2018), and *Giesecke & Devrient GmbH v. United States*, No. 17-1812C, 2020 WL 401806 (Fed. Cl. Jan. 24, 2020), and misstate the legal effect of these cases on *RFR Industries* and their applicability to Defendants' fee motion.

*RFR Industries* was decided in 2007; *CRST* was decided in 2016. *CRST* did not overrule *RFR Industries* or any case holding that a plaintiff's voluntary dismissal without prejudice is insufficient to confer "prevailing party" status on a defendant. *CRST* clarified the Supreme Court's prior precedents, including *Buckhannon Board & Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598, 602-605 (2001), and held "a defendant need not obtain a favorable judgment on the merits to be a 'prevailing party'" under federal fee-shifting statutes, and eliminated the distinction between court orders finally dismissing claims for merits-based and non-merits-based reasons. *CRST*, 136 S. Ct. at 1646, 1651-1652. "The defendant may prevail even if the court's final judgment rejects the plaintiff's claim for a

3

nonmerits reason." *Id.* at 1651. Based on its holding, the Supreme Court vacated the appeals court's order precluding the defendant from recovering attorneys' fees as a prevailing party when the district court entered a final order dismissing the EEOC's claims on behalf of 67 women for failing to satisfy its statutory duty to investigate and conciliate. *Id.* at 1654.[3]

After *CRST*, courts including the Federal Circuit have continued to cite and follow *Buckhannon*, as clarified by *CRST*. In *Raniere v. Microsoft Corp.*, 887 F.3d 1298 (Fed. Cir. 2018), one of the cases Defendants cite in support of its assertion that *RFR Industries* is no longer good law (D.I. 36 at 5), the Federal Circuit describes *CRST* as clarifying the application of *Buckhannon* to defendants seeking prevailing-party status. *Id.* at 1306. The relevant inquiry after *CRST* "is not limited to whether a defendant prevailed on the merits, but also considers whether the district court's decision—'a judicially sanctioned change in the legal relationship of the parties'—effects or rebuffs a plaintiff's attempt to effect a 'material alteration in the legal relationship between the parties.'" *Raniere*, 887 F.3d at 1306 (quoting *CRST*, 136 S. Ct. 1646, 1651).

In *Raniere*, the Federal Circuit held that the district court's order dismissing with prejudice plaintiff's patent infringement claims for lack of standing without adjudicating the patent infringement claim, was a court order that sufficiently altered the legal relationship between the parties to make defendant a prevailing party. *Id.* at 1303. "Even without *CRST*, we

---

[3] *CRST* did not overrule *Buckhannon* or change any of the other "prevailing party" requirements in *Buckhannon*, like the requirement that a party obtain relief from a court order or other judicially sanctioned legal change in the legal relationship of the parties. *CRST* left open the question of whether a defendant must obtain a preclusive judgment to be a prevailing party. *CRST*, 136 S. Ct. at 1653.

4

conclude the district court's dismissal *with prejudice* of Raniere's case for lack of standing is tantamount to a judgment on the merits." *Id.* (emphasis in original).

*Raniere* does not demonstrate *RFR Industries* is no longer good law. *Raniere* is also distinguishable from the present case, in which the only order is the Court's dismissal "without prejudice" of two of Plaintiff's six claims, with leave to amend, followed by Plaintiff's filing less than two weeks later a notice of voluntary dismissal "without prejudice" under Rule 41(a)(1)(A)(i).

Similarly, *Giesecke & Devrient GmbH v. United States*, No. 17-1812C, 2020 WL 401806 (Fed. Cl. Jan. 24, 2020),[4] another case Defendants cite in support of its assertion that *RFR Industries* is no longer good law (D.I. 36 at 6), cites both *CRST* and *Raniere*. In *Giesecke*, the court entered an order granting plaintiff's motion for leave to amend its complaint and dismissing without prejudice plaintiff's infringement claims relating to certain card-based products under Rule 41(a)(2). *Giesecke*, 2020 WL 401806, at *4.

In *Giesecke*, during oral argument on plaintiff's motion and defendant's motion to dismiss under Rule 12(b)(6), plaintiff's counsel assured the court that plaintiff would not seek discovery regarding the removed products, add those products back into the suit, or file a separate suit against defendant involving those products. *Id.* at *4, *9-10. The court relied on those representations to distinguish the case from other cases involving dismissals without prejudice, in which plaintiffs are free to raise the identical dismissed claims again. *Id.* at *10.

*Giesecke* is very different from the present case, in which Plaintiff filed a notice of voluntary dismissal without prejudice under Rule 41(a)(1)(A)(i) just under two weeks after the

---

[4] As a decision by the United States Court of Federal Claims, *Giesecke* is not binding precedent on this Court.

5

Court dismissed without prejudice two of Plaintiff's six claims, with leave to amend, and denied Defendants' motion to dismiss the remaining four claims.

Defendants also cite *Martinez v. United States*, 94 Fed. Cl. 176, 183 (Fed. Cl. 2010), another Court of Federal Claims decision, as "see also" authority purporting to invalidate or call into question the continued vitality of *RFR Industries*. (D.I. 36 at 6.) But the court in *Martinez* expressly distinguished *RFR Industries* from the facts of that case, which involved a court's order—based on the parties' joint request—remanding plaintiff Army officer's disability claims to an administrative agency based on the agency's admitted administrative error. *Martinez*, 94 Fed. Cl. at 182-183. *Martinez* is neither binding nor persuasive authority and does nothing to undermine the ongoing validity and controlling nature of *RFR Industries*.

The above analysis demonstrates that *CRST*, *Raniere*, *Giesecke* and *Martinez* do not overrule or question the holding or precedential effect of *RFR Industries*. Instead, *RFR Industries* remains good law after the above decisions and controls the Court's decision on Defendants' motion.

This case is almost on all fours with *RFR Industries*. In *RFR Industries*, plaintiff's voluntary dismissal occurred prior to the court granting judgment on the pleadings, which was declared a nullity on appeal. Here, the Court entered an interlocutory order dismissing without prejudice two of Plaintiff's six claims, with leave to amend, followed less than two weeks later by Plaintiff's voluntary dismissal without prejudice of all claims under Rule 41(a)(1)(A)(i). The Court's order dismissing without prejudice counts 1 and 5 of Plaintiff's complaint does not constitute a final disposition of any of Plaintiff's claims—on the merits or otherwise—on which an appeal would lie. Thus, it is neither a "judgment" under Fed. R. Civ. P. 54(a), nor does it convey prevailing party status because it does not change the legal relationship of the parties.

Similarly, Plaintiff's voluntary dismissal without prejudice lacks any "judicial imprimatur." Plaintiff is free to refile its claims at any time.

Applying *RFR Industries* to the present case, the Court must conclude Defendants are not "prevailing parties" under 35 U.S.C. § 285. Therefore, the Court need not reach the second, third, or fourth parts of its inquiry on Defendants' motion: whether this is an "extraordinary" case, which would give the Court discretion to award Defendants' attorneys' fees; if so, whether the Court should exercise its discretion and award any of Defendants' attorneys' fees; and whether Defendants' claimed fees are reasonable.

This conclusion is bolstered by other post-*CRST* district court cases in the Third Circuit and elsewhere—some of which apply Federal Circuit law and cite *CRST*, *Raniere* and/or *RFR Industries*—holding court orders dismissing claims without prejudice and voluntary dismissals, either with or without prejudice under Rule 41(a)(1)(a)(i) or (ii), do not convey "prevailing party" status on a defendant because they lack "judicial imprimatur" or do not alter the legal relationship of the parties. *See*, *e.g.*, *Capella Photonics, Inc. v. Cisco Systems Inc.*, No. 14-CV-03348-EMC, 2019 WL 4242665, at *3-4 (N.D. Cal. Sep. 6, 2019) (defendants were not "prevailing party" based on court's order dismissing without prejudice plaintiff's patent infringement claims for mootness after PTAB canceled patents-in-suit during *inter partes* review while case stayed; dismissal without prejudice did not constitute a change in the legal relationship of the parties because the plaintiff is free to refile its action); *Transport Technologies, LLC v. Los Angeles Metropolitan Transportation Authority*, No. CV 1506423-RSWL-MRW, 2019 WL 2058630 (C.D. Cal. May 8, 2019) (patent case following Federal Circuit law and citing *CRST*, *Raniere* and *RFR Industries*; defendant is not prevailing party based on court's dismissal without prejudice of plaintiff's case as moot after PTAB's

7

cancellation of patents-in-suit); *Stockade Companies, LLC v. Kelly Restaurant Group, LLC*, No. A-17-CV-143 RP, 2018 WL 3018177, at *5 & n.2 (W.D. Tex. Jun. 15, 2018) (defendant is not prevailing party when plaintiff voluntary dismisses complaint without prejudice because dismissal did not alter the legal relationship between the parties; citing *Buckhannon*, *RFR Industries* and other cases); *Smalley v. Account Services Collections, Inc.*, No. 2:15CV1488, 2017 WL1092678, at *2-*3 (W.D. Pa. Mar. 23, 2017) (stipulated voluntary dismissal with prejudice under Rule 41(a)(1)(A)(ii) does not confer prevailing party status on a defendant because they lack the "judicial intervention or relief" that *Buckhannon* requires to obtain "prevailing party" status) (collecting cases); *Barnes v. Morris*, No. 1:16-CV-00500, 2018 WL 338631, at *2 (M.D. Pa. Jan. 9, 2018) (same; citing *Smalley*).

## II. CONCLUSION

Defendants cannot be "prevailing parties" under 35 U.S.C. § 285 without a final judgment or other court order dismissing with prejudice Plaintiff's claims from which Plaintiff has the right to appeal. This is a necessary predicate under 35 U.S.C. § 285 and Rule 54. Because the Court's dismissed without prejudice counts 1 and 5 of Plaintiff's complaint with leave to file an amended complaint reasserting those claims, and Plaintiff timely filed a notice of dismissal without prejudice under Rule 41(a)(1)(A)(i), Plaintiff remains free to file a new action in the future re-pleading all of its dismissed claims. Under these circumstances, any conclusion that Defendants are "prevailing parties" under 35 U.S.C. § 285 would be contrary to Rule 41(a)(1)(A)(i), Rule 54, and the Federal Circuit's binding precedent in *RFR Industries*.

For all of the above reasons, and the reasons stated in Plaintiff's Answering Brief, the Court should deny Defendants' motion for attorneys' fees and costs in defending against Plaintiff's claims and in filing its motion.

Respectfully submitted,

Dated: March 12, 2020

    s/ Stacey A. Scrivani
Stacey A. Scrivani (DE Bar No. 6129)
STEVENS & LEE, P.C.
919 North Market Street, Suite 1300
Wilmington, DE 19801
(302) 425-3306
Email: sasc@stevenslee.com

John W. Goldschmidt, Jr. (PA Bar No. 55298)
Admitted Pro Hac Vice
KENT FRANCHISE LAW GROUP LLP
620 Freedom Business Center, Suite 105
King of Prussia, Pennsylvania 19406
(484) 965-9679
Email: JWG@kentfranchiselaw.com

Jeffrey D. Bukowski (PA Bar No. 76102)
Admitted Pro Hac Vice
STEVENS & LEE, P.C.
111 N. Sixth Street
Reading, Pennsylvania 19603-0679
(610) 478-2215
Email: jdb@stevenslee.com

## CERTIFICATE OF SERVICE

I, Stacey A. Scrivani, Esquire, certify that on this date, I served a true and correct copy of Plaintiff's Answering Brief in Opposition to Defendants' Motion for Attorneys' Fees on Defendants through their below counsel through the Court's ECF system and by electronic mail.

John W. Shaw
**SHAW KELLER LLP**
I. M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE  19801
Email:  jshaw@shawkeller.com,
cal@shawkeller.com

William T. DeVinney
**BAKER HOSTETLER LLP**
1050 Connecticut Avenue, N.W
Washington, DC 20036
Email:  wdevinney@bakerlaw.com

Kenneth J. Sheehan
**BAKER HOSTETLER LLP**
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Email:  ksheehan@bakerlaw.com

Dated:  March 12, 2020

　　s/ Stacey A. Scrivani
　　Stacey A. Scrivani (DE Bar No. 6129)
　　STEVENS & LEE, P.C.
　　919 North Market Street, Suite 1300
　　Wilmington, DE 19801
　　(302) 425-3306
　　Email:  sasc@stevenslee.com

　　*Attorneys for Plaintiff*
　　*Mixing & Mass Transfer Technologies, LLC*

| | |
|---|---|
| MIXING & MASS TRANSFER TECHNOLOGIES, LLC,<br>             Plaintiff,<br><br>        v.<br><br>SPX CORPORATION, et al.,<br>             Defendants. | )<br>)<br>)<br>)  Civil Action No. 1:19-cv-00529-MN<br>)<br>)<br>)<br>)  Proposed Order<br>)<br>) |

## ORDER DENYING MOTION

AND NOW, this _____ day of _____, 2020, upon consideration of defendants' motion for attorneys' fees, plaintiff's response thereto, and other matters of record, IT IS HEREBY ORDERED that defendants' motion for attorneys' is DENIED.

Date: _____          _____
                                                            United States District Judge Maryellen Noreika