IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MIXING & MASS TRANSFER TECHNOLOGIES, LLC, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 19-529 (MN) ) |
| SPX CORPORATION, SPX FLOW, INC., SPX FLOW US, LLC, and DOES I THROUGH X, | ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Stacey A. Scrivani, STEVENS & LEE, P.C., Wilmington, DE; Jeffrey D. Bukowski, STEVENS & LEE, P.C., Reading, PA; John W. Goldschmidt, Jr., KENT FRANCHISE LAW GROUP LLP, King of Prussia, PA – Attorneys for Plaintiff

John W. Shaw, SHAW KELLER LLP, Wilmington, DE; Kenneth Sheehan, William DeVinney, BAKERHOSTELTER LLP, Washington, DC – Attorneys for Defendants

November 4, 2020
Wilmington, DE


**NOREIKA, U.S. DISTRICT JUDGE**

Presently before the Court is the motion of Defendants SPX Corporation, SPX Flow, Inc. and SPX Flow US, LLC (collectively, "Defendants" or "SPX") seeking attorneys' fees. (D.I. 32). Defendants seek fees pursuant to a settlement agreement previously entered between Plaintiff Mixing and Mass Transfer Technologies, LLC ("Plaintiff" or "MMT") and Defendant SPX Corporation. (D.I. 33, Ex. 1 (referred to as "the Settlement Agreement")).[1] Defendants also ask the Court to declare this case exceptional under 35 U.S.C. § 285 and to award attorneys' fees based upon that finding. The motion has been fully briefed. (*See* D.I. 33, 35, 36, 41 & 42).[2] For the reasons set forth below, Defendants' motion is DENIED.

## I. BACKGROUND

### A. Settlement of the Earlier Litigation

Between 2005 and 2007, Plaintiff and Lightnin, Inc., a division of SPX Corporation, were involved in litigation in the Middle District of Pennsylvania. *See generally Mixing and Mass Transfer Techs., LLC v. Lightnin, Inc.*, C.A. No. 05-15-19 (M.D. Pa.). The litigation was resolved by the Settlement Agreement in 2007 between Plaintiff and SPX Corporation. (D.I. 33, Ex. 1). The Settlement Agreement contained a "General Waiver And Release" of claims that released:

> any and all claims . . . which any of the MMT Parties has asserted, could have asserted, or could assert as of the effective date of this Agreement, specifically including, but not limited to, all matters raised in the Lawsuit or any other matter involving, e.g., intellectual property, proprietary rights, or other rights.

---

[1] The agreement also included John R. McWhirter, Ph.D. who was affiliated with Plaintiff.

[2] Plaintiff also filed a motion for leave to file a surreply to address cases that Defendants cited for the first time in their reply brief. (D.I. 39 (proposed surreply attached as Exhibit A)). Defendants opposed the motion. (D.I. 40). The Court will grant the motion and has considered the surreply in connection with the motion for attorneys' fees.

The release also covered "any claims concerning SPX impeller design relative to the Lawsuit" such as "any current or future claims concerning the A200, A240, A245, R330, R335 impellers" and any claims relating to "U.S. Patent Nos. 6,808,306, 6,896,246, 6,986,507, 6,997,444, 7,114,844." (*Id.*)  It also included "any claims concerning the SPX Parties' future activities with respect to technology of which the MMT Parties knew or could have known from provided information or publicly available information." (*Id.*).

The Settlement Agreement also provided that "[i]n the event that any Party breaches any term of this Agreement and any other party is required to institute legal proceedings to enforce the Agreement, the prevailing party shall be entitled to recover its attorneys' fees and costs incurred in successfully enforcing its rights under the Agreement." (D.I. 33, Ex. 1 ¶ 13.1).

### B.     Current Litigation

On March 18, 2019, Plaintiff filed its Complaint in this action asserting:  (1) infringement of U.S. Patent No. 6,877,959 ("the '959 Patent"); (2) unfair competition under the Lanham Act; (3) false advertising under the Lanham Act; (4) unfair competition under common law; (5) declaratory judgment to invalidate SPX's U.S. Patent No. 7,114,844 ("the '844 Patent"); and (6) unjust enrichment.  (D.I. 1).  On April 9, 2019, Defendants filed a motion to dismiss all of Plaintiff's claims under Rule 12(b)(6) for failure to state a claim.  (D.I. 12).  The motion was based on the Settlement Agreement, which Defendants asserted released all of Plaintiff's claims against Defendants.  (*See* D.I. 12 & 14.)  Plaintiff disagreed.  (D.I. 17).

On January 17, 2020, the Court heard oral argument on Defendants' motion to dismiss.  At the end of the argument, the Court granted-in-part and denied-in-part Defendants' motion.  (*See* D.I. 35-2, Tr. at 24-27).  More specifically and based on the Settlement Agreement, the Court dismissed counts 1 and 5 of Plaintiff's Complaint alleging infringement of the '959 Patent (count

2

1) and seeking a declaratory judgment of invalidity for the '844 Patent (count 5).[3] The Court did not dismiss the remaining four counts. The Court also denied Defendants' request at the end of its motion papers seeking attorneys' fees based on the fee-shifting provision of the parties' prior settlement agreement. Thereafter, on January 30, 2020, before Defendants answered the Complaint, Plaintiff voluntarily dismissed this action without prejudice pursuant to Federal Rule Civil Procedure 41(a)(1)(A)(i). (*See* D.I. 30). Two weeks later, Defendants filed this motion for attorneys' fees. (*See* D.I. 32).

## II. LEGAL STANDARD

A party may recover attorneys' fees "where a statute or contractual provision expressly provides for attorneys' fees." *Chase Manhattan Bank v. Iridium Africa Corp.*, 474 F. Supp. 2d 613, 617 (D. Del. 2007).

Section 285 of the Patent Act provides that a "court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. An exceptional case within the meaning of the statute is "one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). Whether a case is exceptional is a question committed to the Court's discretion, and the Court must consider the totality of the circumstances in reaching its conclusion. *Id.* In assessing the totality of the circumstances, the Court may consider, inter alia, "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation

---

[3] The Court dismissed the claims without prejudice based on the arguments and the available record.

and deterrence." *Id.* at 554 n.6. A party seeking attorneys' fees must show the case is exceptional by a preponderance of the evidence. *Id.* at 557-58. The Court may award attorneys' fees in "the rare case in which a party's unreasonable conduct – while not necessarily independently sanctionable – is nonetheless so 'exceptional' as to justify an award of fees." *Id.* at 555.

## III. DISCUSSION

Defendants argue that attorneys' fees should be awarded on two grounds: (1) the Settlement Agreement and (2) the purportedly exceptional nature of this case. (*See, e.g.*, D.I. 33 at 4-8). Both requests require Defendants to be a "prevailing party." Thus, the Court will first address whether Defendants are a prevailing party.

Neither party argues that "prevailing party" has a special definition pursuant to the contract.[4] As the Supreme Court has explained, "the touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties." *CRST Van Expedited, Inc. v. E.E.O.C.*, 136 S. Ct. 1642, 1646 (2016) (internal quotation marks and citation omitted); *see also Raniere v. Microsoft Corp.*, 887 F.3d 1298, 1306 (Fed. Cir. 2018) ("We hold *CRST* applies to our analysis of prevailing-party status under § 285, and that defendants need not prevail on the merits to be classified as a 'prevailing party.'"). The Supreme Court further noted that the change in the parties' legal relationship "must be marked by judicial *imprimatur*." *CRST*, 136 S. Ct. at 1646.

---

[4] In its opening brief, Defendants cite to a footnote in *Heard v. St. Luke's Hospital*, No. 08-5494, 2010 WL 2569233, at *1 (E.D. Pa. June 21, 2010), regarding the Court's dismissal of claims and to *Koppel v. Case*, No. GD03-024486, 2007 WL 5160526 (Pa. Com. Pl. Nov. 20, 2007), which addressed sanctions under Pennsylvania Rule of Civil Procedure 1042.7 (for improper certification in a medical malpractice claim) – a rule not at issue here – in the section seeking contractual fees. (D.I. 33 at 3). Defendants relied on several Federal Circuit cases in the exceptional-case section. (D.I. 33 at 7). In its reply, Defendants treat the prevailing-party inquiry as a single issue underlying both bases for its fees request – *i.e.*, Defendants do not make a distinction between what constitutes a prevailing party for its contract-based request and its § 285 request. (D.I. 36 at 3-5).

Plaintiff disputes that Defendants are a prevailing party here because the Court dismissed two of the six counts of its complaint without prejudice and Plaintiff thereafter voluntarily dismissed the remaining counts, also without prejudice. Defendants argue that they are the prevailing party because they "prevented [Plaintiff's] attempts to alter the legal relationship between the parties."

Defendants rely on *Keith Manufacturing Co. v. Butterfield*, 955 F.3d 936 (Fed. Cir. 2020). In *Keith Manufacturing*, the Federal Circuit found that a stipulated dismissal with prejudice and entered by the court constitutes a "judgment" for purposes of a motion for attorneys' fees under Federal Rule of Civil Procedure 54, rejecting the argument that an appealable judgment is a predicate for a motion for attorneys' fees under Rule 54(d). *See Keith Mfg.*, 955 F.3d at 939-40. Although as this Court has previously noted, the *Keith Manufacturing* opinion does not use the term "prevailing party," the Federal Circuit's reasoning supports a conclusion that voluntary dismissals with prejudice can confer prevailing-party status for purposes of attorneys' fees. *See Internet Media Interactive Corp. v. Shopify Inc.*, No. CV 20-416 (MN), 2020 WL 6196292, at *2 (D. Del. Oct. 22, 2020).

Here, however, this Court's dismissal of counts 1 and 5 and Plaintiff's voluntary dismissal were ***without*** prejudice. The Federal Circuit, in its recent decision *in O.F. Mossberg & Sons, Inc. v. Timney Triggers, LLC*, 955 F.3d 990 (Fed. Cir. 2020), addressed a similar situation. In *Mossberg*, the plaintiff had voluntarily dismissed the action without prejudice and the Federal Circuit found that such a dismissal was not a "final court order" sufficient to confer prevailing-party status. *See O.F. Mossberg & Sons*, 955 F.3d at 991 & 993. Indeed, a voluntary dismissal without prejudice would not materially alter the legal relationship of the parties. Nor would this

5

Court's dismissal without prejudice.[5] Neither dismissal would prevent Plaintiff from reasserting those same claims against Defendants in another action. Thus, in the Court's view, this is not the type of "material alteration of the legal relationship of the parties" that is the touchstone of the prevailing-party inquiry. *CRST*, 136 S. Ct. at 1646.

Having determined that Defendants are not a prevailing party such that attorneys' fees may be available, the Court does not address whether fees would otherwise have been appropriate under the Settlement Agreement or based on an exceptional-case finding under § 285.

## IV. CONCLUSION

For the reasons discussed above, the Court DENIES Defendants' motion for attorneys' fees. (D.I. 32). An appropriate order will follow.

---

[5] Here, the Court expressly left open the ability to refile claims at a later date should certain circumstances arise. More specifically, at the end of its ruling, the Court stated: "To the extent that I have granted the motion, I will do so without prejudice so that if things change as Plaintiff suggested, its suggestion that it would have the right to assert defenses if Defendant asserts certain counterclaims, for example, and Plaintiff comes up with facts sufficient to meet a pleading standard, it may attempt to replead the dismissed counts." (D.I. 35-2, Tr. at 27).